# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DENNIS HENDERSON, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Civil Action No._____ |
| v. | ) | |
| | ) | |
| JONATHAN GROMEK, Pittsburgh Bureau of Police Officer, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## COMPLAINT

## INTRODUCTION

Dennis Henderson, an award-winning Pittsburgh teacher, was arrested and jailed overnight simply for answering truthfully when a police officer asked him whether he had a problem with the way the officer was driving. For Henderson, who replied "yes," asked for the officer's name and badge number, and stated that he was recording the officer, the encounter with Officer Jonathan Gromek of the Pittsburgh Bureau of Police was a vivid illustration of the complaints about police misconduct and racial profiling discussed at the Community Empowerment Association meeting he had left just minutes before.

Henderson and photojournalist Rossano Stewart, both African-American, were arrested and handcuffed merely for criticizing the way that Officer Gromek, who is white, drove down a residential street. Although Stewart was released, Henderson was taken to the Allegheny County Jail, where he was held for twelve hours overnight. Officer Gromek charged Henderson with

three offenses:  obstruction of highways, disorderly conduct by means of unreasonable noise, and resisting arrest.  All three charges were withdrawn by the district attorney, and the Office of Municipal Investigations determined that Officer Gromek had acted improperly.

Officer Gromek's arrest and imprisonment of Henderson without probable cause and in retaliation for Henderson's constitutionally protected expression violated Henderson's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.  This civil rights action seeks declaratory relief and damages.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of this Complaint under the First, Fourth, and Fourteenth Amendments to the United States Constitution and 28 U.S.C. §§ 1331 and 1343. This Court has jurisdiction to issue the requested relief under 28 U.S.C. §§ 2201 and 2202.

2.     This Court has personal jurisdiction over Defendant who is located in this District.

3.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1402(b) because the acts at issue in this lawsuit occurred in this District.

## PARTIES

4.     Plaintiff Dennis Henderson is a citizen of the United States who resides in the North Side neighborhood of Pittsburgh in Allegheny County of the Commonwealth of Pennsylvania.

5.     Defendant Jonathan Gromek is and at all times herein mentioned was a police officer with the Pittsburgh Bureau of Police, badge number 35064.  In his capacity as a police officer Defendant had a legal obligation to act in conformity with the United States Constitution and

applicable federal and state laws.  Defendant was at all times herein mentioned acting under color of state law.  Defendant is sued in his individual capacity.

## FACTUAL ALLEGATIONS

6.     Dennis Henderson, 38, is a social studies teacher at Manchester Academic Charter School in Pittsburgh.

7.     On the evening of Wednesday, June 26, 2013, Henderson attended a meeting of the Community Empowerment Association ("CEA"), an organization that works to empower African-American communities and families.

8.     The purpose of the June 26 meeting, which took place in the auditorium of the CEA's building on Kelly Street in the Homewood neighborhood of Pittsburgh, was to address problems affecting the city's poorest neighborhoods.  The meeting included a discussion of public safety and how the community's lack of trust in the police made it difficult for residents to work with police to reduce crime.

9.     Henderson spoke at the meeting about preparing young people for the future, describing his experience taking some of his students to Future City, a national competition in which middle-school students design model cities.

10.     Henderson left the meeting at about 7:30 p.m.

11.     As he was leaving, Rossano Stewart, a freelance photographer for the New Pittsburgh Courier, approached Henderson in the lobby to ask him some questions about the recent George W. Tippins Business Plan Competition, at which Henderson had been named Amazing Educator of the Year.

12.     Stewart was covering the competition for the New Pittsburgh Courier.

13.     Stewart asked Henderson for a business card, but Henderson's cards were in his car. Henderson and Stewart exited the building and walked to Henderson's car, which was parked on Kelly Street.

14.     Kelly Street is a 1.3-mile long, residential, two-lane street with street parking on both sides of the street.

15.     Henderson and Stewart are both African-American.

16.     Henderson and Stewart were standing next to the driver's side of Henderson's car when a marked Pittsburgh police patrol car drove past them at what Henderson believed was an excessive speed, given both the narrowness of the street and the neighborhood's residential character.

17.     As the police car was passing, it veered in their direction, causing Henderson and Stewart to press themselves up against Henderson's car to avoid being struck.

18.     Henderson, surprised by the officer's driving, exclaimed, "Wow!"

19.     The police car was driven by Officer Jonathan Gromek.  Officer Gromek, who is white, is assigned to Zone 5, which stretches from East Liberty through Homewood.

20.     After passing Henderson and Stewart, Officer Gromek executed an abrupt U-turn at the nearby intersection and pulled up next to Henderson and Stewart.

21.     Officer Gromek asked Henderson and Stewart, "Do you have a problem?"

22.     Henderson expressed concern about Officer Gromek's driving and said he intended to file a complaint about him.  Henderson then asked Officer Gromek for his name and badge number.

23.     Officer Gromek exited his patrol car and demanded identification from Henderson and Stewart.

24.     Henderson and Stewart complied with Officer Gromek's instructions.

25.     Stewart first produced his press pass, but Officer Gromek demanded his driver's license.

26.     When a man across the street asked if everything was okay, Officer Gromek told the man to mind his own business and to leave the area.

27.     Henderson asked the man to stay so that he could be a witness.

28.     Officer Gromek ordered Henderson and Stewart to move to the curb, stating that if Henderson and Stewart had a problem with his driving, they could talk about it downtown.

29.     Officer Gromek then called the police dispatcher to request back-up.

30.     Henderson, concerned about Officer Gromek's aggressive attitude toward him and Stewart, stated that he intended to record their interaction with Officer Gromek using his cell phone.  Henderson had been holding his cell phone when Officer Gromek arrived.

31.     Officer Gromek instructed Henderson to "stop playing with your phone."

32.     Henderson stated that he had the right to record Officer Gromek.

33.     Officer Gromek responded by ordering Henderson to put his hands behind his back.

34.     Henderson complied with Officer Gromek's order, handing his phone to Stewart.

35.     Henderson asked Stewart to continue recording the interaction.

36.     Officer Gromek then placed handcuffs on Stewart.

37.     Henderson's phone was dropped to the ground, but it continued recording.

38.     Both Stewart and Henderson asked why they were being arrested, but Officer Gromek refused to respond.

39.     Henderson, alarmed by Officer Gromek's actions, asked a bystander to go into the CEA meeting to inform those inside what was happening and to ask them to come outside to witness Officer Gromek's actions.

40.     Officer Gromek then twisted Henderson's arms and put handcuffs on him, too.

41.     Henderson's handcuffs were painfully tight.

42.     Officer Gromek ordered Henderson to sit on the ground.  Henderson attempted to adjust his wrist in the handcuffs so that he could sit down, but before he had a chance to do so, Officer Gromek used a leg sweep to cause Henderson to fall down on his back and shoulder and shoved Henderson's head into the ground.

43.     Lying on his back on the ground, Henderson asked once again why he was being arrested.

44.     Officer Gromek responded that Henderson was obstructing the road.

45.     At that time, there were several people across the street in the YMCA who were recording the interaction with Henderson and Stewart.

46.     Officer Gromek shouted at those people to stop recording.

47.     Additional police cars, carrying 11-15 officers, arrived on the scene, including a K-9 unit.

48.     When the additional officers arrived, Officer Gromek instructed them to release Stewart.

49.     Officer Gromek instructed the officers to take Henderson to the Allegheny County Jail.

50.     Henderson was driven to the jail in a police van escorted by Officer Gromek.

51.     Upon arriving at the Jail, Henderson exited the van.  Officers assisting with the transport told Henderson that they had his cell phone and his keys.  When Henderson asked about his driver's license, Officer Gromek told him that he had lost it.

52.     Henderson's driver's license was never returned to him.

53.     Henderson spent the night – about twelve hours – at the Jail.

54.     After spending eight hours in a holding cell, he was arraigned and given bail of $5000.

55.     Henderson then had to wait four more hours in a crowded cell before he was allowed to call his wife to tell her where he was.

56.     Henderson was charged with three offenses:

   a.   a misdemeanor count of disorderly conduct by means of unreasonable noise under 18

        Pa. C.S.A. § 5503(a)(2);

   b.   obstruction of highways or other public passages under 18 Pa. C.S.A.§ 5507

        (classified as a summary offense);

   c.   and resisting arrest under 18 Pa. C.S.A. § 5104 (classified as a misdemeanor offense

        of the second degree).

57.     At no time during the events described above did Henderson engage in any disorderly

conduct or obstruction of highways.

58.     Nor did he resist the arrest carried out by Officer Gromek.

59.     Officer Gromek subjected Henderson to a stop, detention, arrest, and prosecution without

probable cause or reasonable suspicion and did so based on his race and in retaliation for

Henderson expressing criticism of Officer Gromek's driving and recording the encounter.

60.     Officer Gromek also subjected Henderson to unreasonable and excessive force when he

twisted his arms to put handcuffs on Henderson and used a leg sweep to cause him to fall to the

ground.

61.     Officer Gromek had no warrant for the arrest of Henderson, no probable cause to arrest

Henderson and no legal cause or excuse to seize Henderson.

62.     On July 9, 2013, Allegheny County District Attorney Stephen Z. Zappala Jr. directed that

all criminal charges against Henderson be withdrawn pending review of the incident by the City

of Pittsburgh's Office of Municipal Investigations ("OMI").

63.     In an October 1, 2013, letter to Henderson, OMI Manager Kathy Kraus notified

Henderson that OMI had sustained three allegations against Officer Gromek, stating that, "Based

upon our investigation, Officer Gromek was found to have violated the following Pittsburgh Bureau of Police Policies; Conduct Toward the Public, Conduct Unbecoming and Incompetency."

64.     As a direct and proximate result of Officer Gromek's actions, Henderson suffered the following injuries and damages:

    a.  Violation of his rights under the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, to be free from criminal prosecution or to be retaliated against for engaging in constitutionally protected expressive activity;

    b.  Violation of his rights under the Fourth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, to be free from unreasonable seizure, excessive force, malicious prosecution, false arrest, and false imprisonment;

    c.  Loss of his physical liberty;

    d.  Physical pain and suffering and emotional trauma, humiliation, and distress; and

    e.  Monetary losses.

## CAUSES OF ACTION

### Count I – First Amendment Right to Be Free From Retaliation for Expressive Conduct

65.     Plaintiff incorporates by reference the allegations of the preceding paragraphs as though set forth at length herein.

66.     Observing and recording police activities in a public place, and not interfering with those activities, is a legitimate means of gathering information for public dissemination and is

therefore expressive conduct protected by the First Amendment to the United States Constitution.

67.     The First Amendment also protects the right to verbally oppose or challenge police action.

68.     The arrest and prosecution of Henderson constituted unlawful retaliation by Officer Gromek for Henderson's respectful challenge to the officer's driving and for his attempt to record the interaction, both of which are activities protected by the First Amendment to the United States Constitution.

### Count II – Fourth Amendment Right to be Free from Unreasonable Seizure, False Arrest and False Imprisonment

69.     Plaintiff incorporates by reference the allegations of the preceding paragraphs as though set forth at length herein.

70.     Officer Gromek violated Henderson's clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizure of his person, false arrest, and false imprisonment when Officer Gromek unlawfully stopped, detained, arrested and imprisoned Henderson for twelve hours without probable cause or reasonable basis to believe Henderson had committed a crime.

### Count III – Fourth Amendment Right to be Free from Excessive Force

71.     Plaintiff incorporates by reference the allegations of the preceding paragraphs as though set forth at length herein.

72.     Officer Gromek subjected Henderson to excessive force while executing his arrest, in violation of Henerson's clearly established Fourth Amendment rights.

### Count IV – Fourth Amendment Right to be Free from Malicious Prosecution

73.     Plaintiff incorporates by reference the allegations of the preceding paragraphs as though set forth at length herein.

74.     Officer Gromek's actions in filing criminal charges against Henderson without probable cause violated Henderson's clearly established Fourth Amendment right to be free from malicious prosecution.

75.     Officer Gromek pursued this prosecution of Henderson with malice in retaliation for Henderson engaging in constitutionally protected activity and without any probable cause or reasonable basis for believing that Henderson committed a crime.

76.     Officer Gromek acted with wanton, callous, and reckless disregard of Henderson's Fourth Amendment rights in pursuing Henderson's prosecution without probable cause or reasonable basis for believing that Henderson committed a crime.

### Count V – Fourteenth Amendment Right to Equal Protection of the Law

77.     Plaintiff incorporates by reference the allegations of the preceding paragraphs as though set forth at length herein.

78.     Officer Gromek stopped, detained, and arrested Henderson on the basis of Henderson's race.

79.     Detaining Henderson on the basis of his race violated his rights under the Equal Protection Clause of the Fourteenth Amendment.

## PRAYER FOR RELIEF

Wherefore, in light of the foregoing, Plaintiff respectfully requests the following:

(a)  compensatory damages against Defendant;

(b)  punitive damages against Defendant for his wanton, reckless, and callous disregard of Plaintiff's constitutional rights, as described herein;

(c)  an award for costs, expenses, and counsel fees pursuant to 42 U.S.C. § 1988; and

(d)  such other relief as this honorable Court may deem just and deserving.


Plaintiff hereby demands a jury trial as to all claims stated in this Complaint.

November 19, 2013

Respectfully submitted,

*/s/ Sara J. Rose*
Sara J. Rose
PA ID No. 204936

*/s/ Witold J. Walczak*
Witold J. Walczak
PA ID No. 62976

AMERICAN CIVIL LIBERTIES FOUNDATION
  OF PENNSYLVANIA
313 Atwood Street
Pittsburgh, PA 15213
(412) 681-7864

*/s/ Glen S. Downey*
Glen S. Downey
PA ID No. 209461
HEALEY & HORNACK, P.C.
247 Fort Pitt Boulevard, 4th Floor
Pittsburgh, Pennsylvania 15222
(412) 391-7711
glen@unionlawyers.net

*/s/ James Love*
James Love
PA ID No. 39601
1306 South Negley Avenue
Pittsburgh, PA 15217


*Counsel for Plaintiff*