**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DENNIS HENDERSON,

      Plaintiff,

    vs.

JONATHAN GROMEK, Pittsburgh Bureau of
Police Officer,

      Defendant.

Docket No. 2:13-cv-1645

Honorable Judge Robert C. Mitchell

**ANSWER AND AFFIRMATIVE DEFENSES**

Filed on behalf of:
Jonathan Gromek

Counsel of record:
Bryan Campbell, Esq.
330 Grant St., Ste. 2620
Pittsburgh, PA 15219
(412) 642-7667

## ANSWER AND AFFIRMATIVE DEFENSES

AND NOW, comes Defendant Officer Jonathan Gromek (hereinafter "Defendant Gromek"), by and through undersigned counsel, Bryan Campbell, Esq., and files the within *Answer and Affirmative Defenses* and in support thereof avers the following:

Defendant Gromek objects to and denies the allegations contained within Plaintiff's "INTRODUCTION". Specific responses to each allegation can be found in the following paragraphs. Defendant Gromek asserts that probable cause existed for the charges against Plaintiff and reasonable force was used in effectuating Plaintiff's arrest.

### JURISDICTION AND VENUE

1.    Admitted.

2.    Admitted.

3.    Admitted.

### PARTIES

4.    Admitted.

5.     Admitted.

## FACTUAL ALLEGATIONS

6.     Admitted.

7.     Admitted to the extent that this event was occurring at that time and location and Plaintiff states he attended this meeting.  By way of further response, Defendant Gromek was not aware of what was taking place at that location at the time of the incident.

8.     After reasonable investigation, Defendant Gromek is without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 8 of Plaintiff's Complaint.  The same are therefore denied and strict proof is demanded at the time of trial.

9.     After reasonable investigation, Defendant Gromek is without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 9 of Plaintiff's Complaint.  The same are therefore denied and strict proof is demanded at the time of trial.

10.     After reasonable investigation, Defendant Gromek is without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 10 of Plaintiff's Complaint.  The same are therefore denied and strict proof is demanded at the time of trial.

11.     After reasonable investigation, Defendant Gromek is without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 11 of Plaintiff's Complaint.  The same are therefore denied and strict proof is demanded at the time of trial.

12.     After reasonable investigation, Defendant Gromek is without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 12 of Plaintiff's Complaint.   The same are therefore denied and strict proof is demanded at the time of trial.

13.     After reasonable investigation, Defendant Gromek is without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 13 of Plaintiff's Complaint.   The same are therefore denied and strict proof is demanded at the time of trial.

14.     After reasonable investigation, Defendant Gromek is without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 14 of Plaintiff's Complaint.   The same are therefore denied and strict proof is demanded at the time of trial.

15.     Admitted.

16.     The allegations contained within paragraph 16 are admitted in part and denied in part.  It is admitted that the men were standing next to the driver's side of a vehicle when a marked Pittsburgh police patrol car drove past them.  It is denied that the vehicle was traveling at an excessive speed given the location.

17.     The averments contained within paragraph 17 are denied.  Defendant Gromek did not veer in the direction of the men.  Rather Defendant Gromek actually went partially into the oncoming lane to get around the men because they were blocking the lane of travel.

18.     After reasonable investigation, Defendant Gromek is without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 18 of Plaintiff's Complaint.   The same are therefore denied and strict proof is

demanded at the time of trial.  By way of further response, after driving past Henderson and Stewart, Defendant Gromek looked into his rear view mirror and saw Henderson standing in the middle of the road with his hands in the air yelling loudly toward the patrol vehicle.

19.    Admitted.

20.    Admitted to the extent the Defendant Gromek made a U-turn at the next intersection and pulled up to the men.  By way of further response, Defendant Gromek made the U-turn because he believed the men may be in trouble based upon Henderson's yelling at the patrol vehicle.  Defendant Gromek turned around to speak with the men to find out if they were in trouble or needed assistance.

21.    The allegations contained within paragraph 21 are denied as stated.  Defendant Gromek approached the men and inquired into why the man was yelling.

22.    Admitted.  By way of further response, at this time Defendant Gromek gave several instructions to Henderson and Stewart to get out of the roadway and onto the sidewalk if they were going to continue their conversation.  Both men refused to leave the roadway. Defendant Gromek also provided his name and badge number to Henderson at this time.

23.    It is admitted that Defendant Gromek asked for their identification.  However, this request came after several requests and attempts by Defendant Gromek to get the men out of the street and onto the sidewalk for their safety and the safety of others and explaining that they were obstructing the highway.  Henderson got visibly angry and started to raise his voice.  As Defendant Gromek exited the vehicle, he attempted to speak with Henderson and explain that he would need to be on the sidewalk to continue his conversation with Stewart.

24.    The averments contained within paragraph 24 are denied as stated.  Defendant Gromek made several requests for the men to go to the sidewalk and each time the men refused,

making statements such as "I know my rights." After Defendant Gromek exited his vehicle, the men eventually went to the sidewalk with Defendant Gromek and provided their identification cards.

25.     Admitted.

26.     The averments of paragraph 26 are denied as stated.  By way of further response, while Defendant Gromek was attempted to speak with the men, Henderson was becoming more and more angry and he began shouting to a male across the street and told him to retrieve another person from inside a near building.  Defendant Gromek previously called for back up but it had not arrived yet.  Defendant Gromek did not know whom Henderson was calling for and feared that a dangerous crowd could form.

27.     After reasonable investigation, Defendant Gromek is without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 27 of Plaintiff's Complaint.  The same are therefore denied and strict proof is demanded at the time of trial.  By way of further response, Defendant Gromek does not recall if Henderson made this specific statement.

28.     The averments of paragraph 28 are denied as stated.  Defendant Gromek escorted the men onto the curb.  Defendant Gromek did not make any statements to insinuate he was going to take the men "downtown" to jail to discuss his driving.  At this point, Defendant Gromek was going to simply cite the men for their refusal to exit the street.  He also stated that if Henderson said he had a problem with his driving, he was welcome to make a complaint about it.

29.     It is admitted the Defendant Gromek called the dispatcher to request backup, however this occurred as he exited his patrol car.  Defendant Gromek also requested more backup after Henderson began shouting for more people to come to the scene.

30.     The averments contained within paragraph 30 are denied as stated.  Henderson did have his cellular phone out, but he held it up and was manipulating the phone for an extended period of time.  Defendant Gromek does not recall Henderson stating he was going to record the interaction, but simply holding up the phone and continuing to manipulate it. Defendant Gromek told Henderson to put the phone away because he believed Henderson was attempting to contact more people to come to the scene, which posed a safety risk to Defendant Gromek.

31.     The averments of paragraph 31 are denied as stated. Defendant Gromek does not remember if he specifically stated "stop playing with your phone." He did instruct Henderson to stop using the phone in some manner out of concern for officer safety.

32.     The averments of paragraph 32 are denied.  Henderson never outright stated that he was recording with his phone. He merely stated he "I have the right to do this", but never clarified what "this" meant.

33.     Admitted.  By way of further response, Defendant Gromek decided to place Henderson and Steward in handcuffs in direct response to Henderson's actions, increasingly aggressive behavior and refusal to stop shouting and drawing more attention to himself.

34.     The averments contained within paragraph 34 are denied.   Officer Gromek ordered Henderson several times to place his hands behind his back.  Henderson handed his phone to Stewart, who quickly dropped the phone.  Defendant Gromek grabbed Henderson's left arm to pull it behind his back and Henderson began to pull away.  Defendant Henderson had to utilize a wristlock to maintain control of Henderson's arm and he continued giving Henderson' verbal commands to place his hands behind his back.

35.     After reasonable investigation, Defendant Gromek is without sufficient knowledge, information or belief to form a response to the allegations contained within

paragraph 35 of Plaintiff's Complaint.   The same are therefore denied and strict proof is demanded at the time of trial.   By way of further response, Defendant Gromek does not specifically recall what Henderson may have said to Stewart at that time.

36.     Admitted.

37.     Admitted.

38.     The averments of paragraph 38 are denied as stated.   Defendant Gromek did not refuse to respond.   At this time, Defendant Gromek was attempting to assess and control the situation and was waiting for backup to arrive on the scene while more and more individuals started surrounding the scene.

39.     The averments of paragraph 39 are denied as stated.   Gromek was attempting to keep the situation under control and calm amidst Henderson's noncompliance, Henderson yelled across the street for an individual to bring more people outside.   Defendant Gromek did not know what was occurring inside of the building or if the individuals Henderson was summoning may have weapons.

40.     The averments of paragraph 40 are denied.   Defendant Gromek had to utilize a wristlock and minimal force to get Henderson handcuffed due to his noncompliance and resistance.

41.     After reasonable investigation, Defendant Gromek is without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 41 of Plaintiff's Complaint.   The same are therefore denied and strict proof is demanded at the time of trial.   By way of further response, Defendant Gromek does not specifically recall Henderson complaining about the handcuffs.

42.     The averments of paragraph 42 are denied.   Defendant Gromek ordered Henderson to sit on the curb several times.  Henderson refused each time and stated that he could not sit because of the handcuffs.  Defendant Gromek offered to assist Henderson in sitting down as he did Stewart.  Henderson again refused.  Defendant Gromek warned Henderson that if he did not sit or allow him to assist Henderson in sitting, he would be forced to use minimal force to get Henderson to sit.  When Henderson again refused. Defendant Gromek utilized a leg sweep to take Henderson to the ground in a grassy area.  Defendant Gromek did not shove Henderson's head into the ground.  Defendant Gromek offered to help Henderson to sit up after being on the ground and Henderson refused assistance.

43.     After reasonable investigation, Defendant Gromek is without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 43 of Plaintiff's Complaint.   The same are therefore denied and strict proof is demanded at the time of trial.  By way of further response, Defendant Gromek was at that time still waiting for backup to arrive and attempting to control the growing crowd, which posed a risk to his safety.

44.     After reasonable investigation, Defendant Gromek is without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 44 of Plaintiff's Complaint.   The same are therefore denied and strict proof is demanded at the time of trial.  By way of further response, Defendant Gromek does not if he instructed Henderson as to the offenses at this point.

45.     After reasonable investigation, Defendant Gromek is without sufficient knowledge, information or belief to form a response to the allegations contained within

paragraph 45 of Plaintiff's Complaint.   The same are therefore denied and strict proof is demanded at the time of trial.

46.     The averments of paragraph 46 are denied.  Defendant Gromek was attempting to get the growing crowd to back up and get out of the street.  Many of the individuals in the growing crowd refused to follow these instructions.

47.     Admitted.

48.     Admitted.

49.     Admitted.

50.     Admitted.

51.     Admitted.

52.     Admitted.

53.     After reasonable investigation, Defendant Gromek is without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 53 of Plaintiff's Complaint.   The same are therefore denied and strict proof is demanded at the time of trial.

54.     After reasonable investigation, Defendant Gromek is without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 54 of Plaintiff's Complaint.   The same are therefore denied and strict proof is demanded at the time of trial.

55.     After reasonable investigation, Defendant Gromek is without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 55 of Plaintiff's Complaint.   The same are therefore denied and strict proof is demanded at the time of trial.

56.     Admitted.

57.     The averments of paragraph 57 are denied.

58.     The averments of paragraph 58 are denied.

59.     The averments of paragraph 59 are denied.

60.     The averments of paragraph 60 are denied.

61.     The averments of paragraph 61 are denied.

62.     Admitted.

63.     Admitted to the extent that these were the findings of the Office of Municipal Investigations.  It is denied that these findings are determinative to the matter at hand or that such evidence would be admissible at trial.

64.     The averments of paragraph 64(a)-(e) are denied.

## CAUSES OF ACTION

### Count I – First Amendment Right to Be Free From Retaliation for Expressive Conduct

65.     No response is required.

66.     The averments of paragraph 66 are conclusions of law to which no response is required.  To the extent that an answer is required, there is not a clearly established right to record police activities in a public place that is protected by the First Amendment.

67.     Admitted.

68.     The averments of paragraph 68 are conclusions of law to which no response is required.  To the extent an answer is required, the averments of paragraph 68 are denied and strict proof is demanded at trial.

### COUNT II – Fourth Amendment Rights to be Free from Unreasonable Seizure, False Arrest and False Imprisonment

69.     No response is required.

70.     The averments of paragraph 70 are conclusions of law to which no response is required.  To the extent an answer is required, the averments of paragraph 70 are denied and strict proof is demanded at trial.

**COUNT III – Fourth Amendment Right to be Free from Unreasonable Seizure, False Arrest, and False Imprisonment**

71.     No response is required.

72.     The averments of paragraph 72 are conclusions of law to which no response is required.  To the extent an answer is required, the averments of paragraph 72 are denied and strict proof is demanded at trial.

**COUNT IV – Fourth Amendment Right to be Free from Malicious Prosecution**

73.     No response is required.

74.     The averments of paragraph 74 are conclusions of law to which no response is required.  To the extent an answer is required, the averments of paragraph 74 are denied and strict proof is demanded at trial.

75.     The averments of paragraph 75 are conclusions of law to which no response is required.  To the extent an answer is required, the averments of paragraph 75 are denied and strict proof is demanded at trial.

76.     The averments of paragraph 76 are conclusions of law to which no response is required.  To the extent an answer is required, the averments of paragraph 76 are denied and strict proof is demanded at trial.

77.     No response is required.

78.     The averments of paragraph 78 are conclusions of law to which no response is required.  To the extent an answer is required, the averments of paragraph 78 are denied and strict proof is demanded at trial.

79.     The averments of paragraph 79 are conclusions of law to which no response is required.  To the extent an answer is required, the averments of paragraph 79 are denied and strict proof is demanded at trial.

**PRAYER FOR RELIEF**

The claims in this section are conclusions of law to which no response is required.  To the extent an answer is required, the claims within this paragraph are denied and strict proof in support thereof is demanded at trial.

**AFFIRMATIVE DEFENSES**

80.     Defendant Gromek is a police officer and at all times relevant hereto acted under the color of law, within the scope of his employment, and in a good faith belief that his actions were constitutional.  At all times relevant hereto, Defendant Gromek acted in a good faith belief that his actions were constitutional and such belief was reasonable under the circumstances and therefore he is entitled to qualified immunity.

81.     All at times relevant hereto, probable cause existed for the arrest of Plaintiff and the charges against him, thus barring Plaintiff's claims of unreasonable seizure, false arrest, false imprisonment, malicious prosecution, First Amendment retaliation, and Fourteenth Amendment unequal protection.

82.     At all times relevant hereto, Defendant Gromek used only the necessary minimal force to effectuate Plaintiff's arrest and acted in accordance with Pennsylvania law in his use of force under 18 Pa.C.S.A. § 508(a)(1).

83.     At all times relevant hereto, Defendant Gromek acted under color of law and without malice or willful misconduct, therefore he is entitled to indemnification.

Respectfully submitted,

*/s/ Bryan Campbell*

Bryan Campbell, Esq.
Counsel for Defendant Gromek
330 Grant St., Ste. 2620
Pittsburgh, PA 15219
(412) 642-7667
bryancmpbl@yahoo.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 3, 2014, I served the foregoing Defendant Gromek's *Answer and Affirmative Defenses* to Counsel representing the Plaintiff via CM/ECF Filing System:

Sara J. Rose, Esq.
Witold J. Walczak, Esq.
American Civil Liberties Foundation of Pennsylvania
313 Atwood Street
Pittsburgh, PA 15213

Glen S. Downey, Esq.
Healey  Hornack, P.C.
247 Fort Pitt Blvd., 4th Floor
Pittsburgh, PA 15222

James Love, Esq.
1306 South Negley Ave.
Pittsburgh, PA 15217

*/s/ Bryan Campbell*
Bryan Campbell, Esq.
Counsel for Defendant Gromek